IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, | § § § |
| Plaintiff, | § § |
| VS. | § Civil Action No. 3:08-CV-1040-D § § |
| SWISHER-35, LTD., et al., | § § |

MEMORANDUM OPINION
AND ORDER

In this declaratory judgment action arising out of a real estate development transaction, defendant American National Bank of Texas ("ANB") moves for a more definite statement in response to plaintiff Capital One, National Association's ("Capital One's") second amended complaint. For the reasons that follow, the court grants the motion.

I

According to Capital One's second amended complaint, in 2005 its predecessor in interest, Hibernia National Bank ("Hibernia"), acquired a parcel of undeveloped land from defendant Swisher-35, Ltd. ("Swisher"). The parcel is within a larger tract of land owned by Swisher and located at Swisher Road and Interstate Highway 35 in Denton County, Texas (the "Development"). At the time Hibernia acquired the parcel, the Development was subject to a Declaration of Covenants and Restrictions and Grant of Easements ("Original Declaration"), designed to facilitate the development of a mixed-use retail and office project. The Original Declaration

provided that its terms could not be altered without the "consent of the owners of the Hibernia parcel." 2d Am. Compl. ¶ 15.

In 2007, after Capital One succeeded to Hibernia's rights in the parcel through merger, Swisher executed and recorded a First Supplemental Declaration. The First Supplemental Declaration creates nonexclusive easements for parking and movement of traffic and designates areas for the same. Although the First Supplemental Declaration covers the entire Development——including Capital One's parcel——Capital One neither executed nor knew of it nor consented to Swisher's executing or recording it.

Swisher initially refused Capital One's demand to withdraw the First Supplemental Declaration but later agreed to negotiate a Second Amended and Restated Declaration of Covenants and Restrictions and Grant of Easements ("Second Amended Declaration"). Swisher repeatedly represented to Capital One that it was also negotiating on behalf of defendant SPAFSP Corp. ("SPAFSP"), another entity that had purchased from Swisher a parcel of land within the Development. Defendant ANB made a loan——secured by a deed of trust——that enabled SPAFSP to purchase the parcel. Capital One and Swisher eventually finalized the Second Amended Declaration, but SPAFSP refused to execute it. This suit followed.

Capital One seeks a judgment declaring that the First Supplemental Declaration is null and void due to the lack of Capital One's consent, and a judgment "establishing the rights,

status, and other legal relationships between Capital One and the Defendants." 2d Am. Compl. ¶ 28.

In its complaint, Capital One named ANB as a defendant and briefly described ANB, without alleging any action that ANB had taken. ANB moved under Fed. R. Civ. P. 12(e) for a more definite statement. Capital One then twice amended its complaint to comply with court orders requiring that it properly allege diversity jurisdiction. In Capital One's second amended complaint, it alleges that ANB made a loan to SPAFSP, secured by a deed of trust on the parcel. In a footnote, Capital One asserts that its second amended complaint "renders moot [ANB's] Motion for More Definite Statement." 2d Am. Compl. n.1.

II

A

Rule 8(a)(2) requires that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the Rule is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). This enables the defendant to prepare a responsive pleading. If the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response," the party may move for a more definite statement of the claim against it. Rule 12(e). "[A] complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances

which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Brown v. Whitcraft*, 2008 WL 2066929, at *2 (N.D. Tex. May 15, 2008) (Fitzwater, C.J.) (quoting *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999)). In general, "motions for a more definite statement are . . . disfavored." *Russell v. Grace Presbyterian Village*, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) (Solis, J.) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1377 (2d ed. 1990)). The question whether to grant a motion for a more definite statement is "within the discretion of the trial court." *Id.* (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)).

B

These pleading principles apply not only in coercive litigation but also in declaratory judgment actions. The federal declaratory judgment statute, 28 U.S.C. §§ 2201-02, does not create a substantive cause of action or confer federal subject matter jurisdiction. *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984) ("The federal Declaratory Judgment Act . . . is procedural only[.]") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). A declaratory judgment action is merely a vehicle that allows a party to obtain an "early adjudication of an actual

controversy" arising under other substantive law.  *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990); *see also Skelly Oil Co.*, 339 U.S. at 671-72 ("The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked.").  This, in turn, "helps the parties avoid damages that might otherwise accrue."  *Collin County*, 915 F.2d at 172.  Because the declaratory judgment statute does not enlarge the scope of actions that may be brought in federal court, a suit for declaratory judgment, like a coercive action, must present a justiciable controversy.  It must not seek an "advisory decree upon a hypothetical state of facts."  *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 325 (1936).  "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  In a declaratory judgment action, the controversy between the parties relates to the "underlying cause of action of the defendant against the plaintiff."  *Collin County*, 915 F.2d at 171.

III

Capital One asks for relief "in accordance with" the declaratory judgment statute, 2d Am. Compl. ¶ 28, but it does not allege any underlying substantive cause of action. Although the second amended complaint explains how ANB fits into the series of events that precipitated this lawsuit, the theory on which Capital One relies to establish its claim for declaratory relief remains unclear. In *Brown* this court granted a motion for more definite statement where the plaintiff sought relief based on the use of a house "paid for with defrauded investor funds" but did not allege the legal basis for its claim. *Brown*, 2008 WL 2066929, at *4. Here, as in *Brown*, the "factual allegations may apprise defendants of circumstances that give rise to a cause of action. But it cannot be gleaned from these facts what is the basis for [Capital One's] claim for relief." *Id*. ANB "cannot reasonably be expected to file a responsive pleading to a claim that does not adequately plead an underlying cause of action." *Id*.

\* \* \*

Accordingly, the court grants ANB's July 11, 2008 motion for a more definite statement and orders Capital One to file the more

definite statement with the clerk no later than 20 days after this memorandum opinion and order is filed.

**SO ORDERED.**

September 17, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE