IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAPITAL ONE, NATIONAL ASSOCIATION, | § § § § | |
| Plaintiff, | § § § § § § § § | Civil Action No. 3:08-CV-1040-D |
| VS. | | |
| SWISHER-35, LTD., et al., | | |

MEMORANDUM OPINION
AND ORDER

Defendant American National Bank of Texas' ("ANB's") September 26, 2008 motion to dismiss is granted, but the court allows plaintiff Capital One, National Association ("Capital One") to replead its quiet title claim. ANB's alternative motion to strike is denied.[1]

I

The background facts of this case are set out in a prior opinion and need not be repeated. *Capital One, N.A. v. Swisher-35, Ltd.*, 2008 WL 4274499, at *1 (N.D. Tex. Sept. 17, 2008) (Fitzwater, C.J.). The facts pertinent to this opinion are set out below.

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

II

ANB maintains that it is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) of Capital One's claim to quiet title because Capital One has failed to allege that ANB has asserted an adverse claim to Capital One's property. ANB also contends that the lien interest that ANB holds is on different property than Capital One's. ANB therefore reasons that Capital One cannot state a quiet title claim against ANB.[2]

A

Under Texas law, "[a] suit to quiet title requires the allegation of an adverse claim. The gravity of that claim must be sufficient to place the property owner into a position that if such claim is asserted, it may cast a cloud upon his enjoyment of the property." *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. Civ. App. 1977, writ ref'd n.r.e). The court agrees with ANB that Capital One has not yet pleaded such a claim in its third amended complaint. Capital One at most alleges that ANB holds a security interest in the tract owned by SPAFSP Corp. ("SPAFSP"), and that *if* the First Supplemental Declaration is "construed null and void,

---

[2]It is unclear whether ANB also contends that Capital One's declaratory judgment claim—which is asserted against all defendants—should be dismissed for failure to state a claim. On the one hand, ANB moves in the alternative to strike Capital One's claim for damages if "*this action* is not dismissed as to ANB." D. Mot. 5 (emphasis added). On the other hand, ANB does not explicitly address the declaratory judgment claim and instead focuses on the quiet title cause of action. *See id.* at 3-5.

[ANB's] collateral interest in the SPAFSP parcel *may be* materially impaired." 3d Am. Compl. ¶ 21 (emphasis added). This is insufficient to plead that ANB alleges an adverse claim.[3]

B

Although the court grants ANB's motion, it will give Capital One an opportunity to amend so that it can plead a quiet title claim against ANB. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (explaining that court will often afford plaintiff at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that the defects are incurable or plaintiff advises the court that it is unwilling or unable to amend in a manner that will avoid dismissal). In Capital One's brief, it explains why ANB's security interest in easements involving SPAFSP's tract (i.e., those described in the First Supplemental Declaration) impacts Capital One's parcel in the entire development. If permitted to amend, Capital One may be able to aver that ANB has alleged an adverse claim to Capital One's property that is sufficient to state a quiet title claim against ANB.

---

[3]Capital One appears to mistakenly rely on Texas law to urge that it has stated a claim against ANB because ANB is a necessary party. The dispositive question, however, is whether Capital One has stated a quiet title claim against ANB.

III

The court denies ANB's alternative motion to strike under Rule 12(f).

Rule 12(f) provides that the court may strike from any pleading any immaterial, impertinent, or scandalous matters. The decision whether to grant ANB's motion to strike is within the discretion of the court. *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004) (Fitzwater, J.), *aff'd on other grounds*, 277 Fed. Appx. 483 (5th Cir. May 8) (per curiam), *cert. denied*, ___ U.S. ___, 129 S.Ct. 299 (2008). "Both because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Id.* (citing *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.)). "The court must deny a motion to strike if there is any question of fact or law." *Id.* (citing *Niblo*, 821 F. Supp. at 449) (footnote omitted)).

> [W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits.

*Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (footnotes omitted).

Under 28 U.S.C. § 2202, Capital One may be able to show that it is entitled to damages. Although a suit to quiet title involves equitable relief, not damages, the court cannot say at this early stage of the case that Capital One will not be able to recover damages as a form of declaratory relief, including by way of request for further relief. *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 570-71 (5th Cir. 2005) (addressing availability of damages relief under 28 U.S.C. § 2202).

\*   \*   \*

Accordingly, ANB's September 26, 2008 Rule 12(b)(6) motion to dismiss is granted, and its alternative Rule 12(f) is denied. Capital One may file an amended complaint, if it has grounds to do so, within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

December 8, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE